UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | | |
|---|---|---|
| ANGELA M. NORMAN, | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 3:10–0500 |
| | ) | Judge Trauger |
| v. | ) | |
| | ) | |
| ROLLING HILLS HOSPITAL, LLC, | ) | |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM AND ORDER

Pending before the court is defendant Rolling Hills Hospital, LLC's Motion to Dismiss (Docket No. 5). This motion will be denied as moot.

On May 21, 2010, the plaintiff, Angela Norman, filed her Complaint, alleging that Rolling Hills Hospital (RHH), as her former employer, had violated Title VII, Section 1981, the Tennessee Human Rights Act, and Tennessee common law by: (1) discriminating against her on the basis of her race, (2) permitting a racially hostile work environment, (3) retaliating against her (including termination) due to her opposition to the defendant's "racially offensive, inappropriate and unlawful actions" and (4) engaging in outrageous conduct. (Docket No. 1.)

On June 18, 2010, RHH moved to dismiss. In the motion, RHH correctly pointed out that, in terms of specific factual allegations, the Complaint was very sparse, "simply ticking off the *prima facie* elements" of the causes of action "in a factually dearth Complaint." (Docket No. 6 at 7.) RHH argued that, because the plaintiff had only alleged that she had been discriminated against in the work place and had failed to provide any specific allegations of discriminatory intent or conduct, her Complaint should be dismissed pursuant to Rule 12(b)(6) and the Supreme

1

Court's decision in *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949-50 (2009), which dictates that the plaintiff cannot rely on "legal conclusions" or "[t]hreadbare recitals of the elements of a cause of action," in order to sustain a Complaint but, instead, the plaintiff must plead "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." (*Id.* at 2.)

In response, the plaintiff recited the relevant standard for evaluating the sufficiency of a complaint and argued that, because she had alleged that (1) jurisdiction was proper, (2) she was a former employee who had been discriminated against, and (3) she had suffered damages, the Complaint was sufficient. (Docket No. 9 at 3.) Out of an "abundance of caution," however, on June 25, 2010, the plaintiff also filed an Amended Complaint. (*Id.* at 1.)

It is well settled that, because a properly filed amended complaint supersedes and replaces all previous complaints, the filing of an amended complaint generally moots a pending motion to dismiss. *See Ware v. C.R.. Bard, Inc.*, 2007 WL 2463286, *2 (E.D. Tenn. Aug. 28, 2007); *ABB, Inc. v. Reed City Power Line Supply Co.*, 2007 WL 2713731, *1 (W.D. Mich. Sept. 18, 2007)(collecting cases). Only in the rare case where the amended complaint is "substantially identical to the original complaint" may a properly filed amended complaint be insufficient to moot the motion to dismiss. *Greater Cincinnati Coalition for the Homeless v. City of Cincinnati*, 2009 WL 3029661, *4 (S.D. Ohio Sept. 16, 2009).

Here, the Amended Complaint was properly filed without leave of court. As relevant here, under the recently amended Federal Rule of Civil Procedure 15(a)(1)(B), "a party may amend its pleading once as a matter of course within . . . 21 days after service of a motion under Rule 12(b)." The Amended Complaint here was filed 7 days after the motion to dismiss.

2

Additionally, the Amended Complaint is not "substantially identical" to the original Complaint, and it clearly attempts to address the issues raised in the Motion to Dismiss. Indeed, the Amended Complaint alleges several specific instances in which the plaintiff was subjected to racial discrimination and racial animus in the workplace. (Docket No. 10 at 2-3.) Among other things, the plaintiff now alleges that RHH employees compared her to "Buckwheat," told her that she must like chicken because all African-American people like chicken, and stated that she should not act like she was "in the 'hood.'" (*Id.*) The plaintiff alleges that her superiors spoke to her more harshly than they did to her Caucasian colleagues, disciplined her for conduct for which Caucasian employees were not, and reduced her hours "when they did not do so to Caucasian employees." (*Id.*) On her retaliation claims, in addition to alleging that she was terminated for speaking out about racial discrimination at RHH, the plaintiff now alleges that, on "the very same day" that she complained to RHH's Human Resources Director about the discrimination, she was disciplined for improperly restraining a patient a month earlier, even though Caucasian employees who had participated in the same restraint were not so disciplined. (*Id.* at 3-4.)

As the plaintiff has properly filed a non-substantially identical Amended Complaint, the defendant's Motion to Dismiss (Docket No. 5) is **DENIED AS MOOT**. The defendant may, of course, file a new motion to dismiss, if it so chooses.

It is so Ordered.

Entered this 8th day of July 2010.

_____
ALETA A. TRAUGER
United States District Judge

3